RICHARD COUTURE, INC., T/D/B/A JEUNESSE, ET AL, PLAINTIFFS v. A. C. ROWE, T/D/B/A BABS PARKER, ET AL, DEFENDANTS.

(Filed 16 December, 1964.)

**1. Corporations § 29—**

Funds collected on accounts receivable due a corporation may not be used to pay the individual debts of the principle incorporator, which debts were incurred by the incorporator in connection with other personal businesses operated by him.

**2. Execution § 16—**

All claimants to payment out of a particular fund should be given notice and an opportunity to be heard in proceedings under G.S. 1-353.

APPEAL by plaintiffs from *Walker, S. J.,* July-August 1964 Session of RANDOLPH.

This is an appeal from a judgment affirming an order of the Clerk denying the motion of plaintiffs for an order directing Paul Smith to apply moneys in his hands to judgments held by plaintiffs against A. C. Rowe and Town Modes, Inc.

*Miller and Beck for plaintiff appellants.*
*Ferree, Anderson & Ogburn and Deane F. Bell for defendant appellees.*

PER CURIAM. A. C. Rowe said in affidavits authorizing rendition of judgments for accounts payable that he did business under these names: Rowe's Men's Shop and Babs Parker. He was also president of Town Modes, Inc. Based on confessions of indebtedness, judgments were rendered in favor of three creditors against A. C. Rowe, t/d/b/a Rowe's Men's Shop; in favor of two creditors against A. C. Rowe, t/d/b/a Babs Parker; in February 1964, judgment by default final was rendered in favor of Schaefer Tailoring Company against A. C. Rowe, t/d/b/a Rowe's Tailoring Company. In April 1963, two judgments were entered against Town Modes, Inc. These judgments were based on confessions signed by A. C. Rowe, as president of Town Modes, Inc. The two judgments against Rowe, trading as Babs Parker, amounted to $330.08; the three against Rowe, trading as Rowe's Men's Shop, amounted to $2,148.24; and the one against Rowe, trading as Rowe's Tailoring Company, amounted to $843.16. The judgments against Town Modes, Inc. amounted to $400.08.

After executions were returned unsatisfied, the Clerk, on motion of the judgment creditors, made an order as authorized by G.S. 1-353, requiring A. C. Rowe to submit to an examination with respect to his

properties available for payment of the judgments. Thereafter, Paul Smith was required to disclose what properties he had belonging to the judgment debtors.

On June 12, 1964, the Clerk made an order in which he recited that Rowe and Smith had been examined as required by his orders. Based on the testimony of Rowe, he made findings, summarized as follows: Rowe had no tangible assets which could be applied to the judgments; Rowe's Tailoring Company and Town Modes, Inc. were destroyed by fire. Rowe estimated these businesses had accounts receivable aggregating $65,000. He delivered such records as he had showing debts owing these concerns to Paul Smith, Manager of Credit Bureau of Asheboro. Based on the testimony of Smith, the Clerk found that Rowe, in April 1963, delivered to Smith "certain accounts receivable of A. C. Rowe, trading and doing business as Rowe's Tailoring, and certain accounts receivable of Town Modes, Inc.; that he was instructed by letter of Roy R. Christiansen, an alleged agent of the Insurance Company of North America, to collect these accounts receivable." Collections have been made on receivables of Rowe's Tailoring Company in the amount of $1,971.54, and on accounts receivable of Town Modes, Inc. in the amount of $5,765.35. Drafts for the amounts collected were sent to the Insurance Company of North America. It refused to accept the drafts and returned the same to Smith, who now has "in his possession the sum of $1,971.54, collected on the accounts receivable of A. C. Rowe, trading and doing business as Rowe's Tailoring * * * and the sum of $5,765.35, collected on the accounts receivable of Town Modes, Inc."

It appears from the findings that Smith has collected more than enough to pay the claims of plaintiffs, judgment creditors. The principal amounts originally owing them were less than $4,000. Smith has collected in excess of $7,500, but judgment creditors of Rowe have no right to use moneys collected for, and belonging to, Town Modes, Inc. The fact that Rowe was president of that corporation gives his creditors no right to use that corporation's money to pay Rowe's debts. The assets of Town Modes, Inc. should, of course, be applied on its debts. Rowe's stock, if any, in Town Modes, Inc., or any sum owing to him by that corporation, may be applied to the payment of his personal obligations.

The finding that the accounts receivable were delivered by Rowe to Smith for collection would, if nothing else appeared, have sufficed for an inference that Smith was to collect for the parties to whom the accounts were payable; but there is a clear inference that there is, or may be, another bona fide claimant to these funds. That claimant ought to be made a party to the proceeding. Its rights ought not to be jeopardiz-

ed by not having an opportunity to be heard. The court should then, upon evidence which the parties may desire to present, make a specific finding with respect to the ownership of the funds and its applicability to the payment of the amounts owing by judgment debtors. Until the facts have been ascertained, no proper judgment can be rendered. The cause is remanded to the Superior Court of Randolph County for a determination of the facts necessary to fix the rights of the parties.

Remanded.